**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |  |
|---|---|---|
| PUBLIC CITIZEN, INC., | ) | |
| 1600 20th Street NW | ) | |
| Washington, DC 20009, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF HOMELAND | ) | |
| SECURITY, | ) | |
| 245 Murray Lane SW | ) | |
| Washington, DC 20528, | ) | |
| | ) | |
| Defendant. | ) | |

_____

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1.  Plaintiff Public Citizen, Inc., brings this action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), to compel the Department of Homeland Security ("DHS") to produce records in response to a FOIA request. Public Citizen's FOIA request sought the legal memorandum submitted by the Ingersoll-Rand corporation to DHS in March 2013 and documents related to that memorandum.

### JURISDICTION AND VENUE

2.  This Court has jurisdiction under 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B). Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

### PARTIES

3.  Plaintiff Public Citizen is a nonprofit research, litigation, and advocacy organization that represents the public interest before Congress, the executive branch, and the courts. It fights for openness and democratic accountability in government; for social and economic justice in

globalization and trade policies; for clean, safe, and sustainable energy; for strong health, safety, and environmental protections; for safe, effective, and affordable medicines and health care; and for the right of consumers to seek redress in the courts.

4.   Defendant DHS is an agency of the United States. DHS has possession of and control over the records that Plaintiff seeks.

## FACTUAL BACKGROUND

### The 2013 Ingersoll-Rand Memo to DHS

5.   The requested documents concern the eligibility of inverted corporations for contracts with the federal government.

6.   A corporate inversion occurs when a U.S. corporation moves its residence overseas, commonly by merging with or buying a foreign firm. Donald J. Marples & Jane G. Gravelle, Corporate Expatriation, Inversions, and Mergers: Tax Issues 3, (2015), *available at* https://www.fas.org/sgp/crs/misc/R43568.pdf. Often, an inversion benefits the corporation by lowering the amount of taxes the corporation owes. *Id.*; John D. McKinnon & Scott Thurm, *U.S. Firms Move Abroad to Cut Taxes*, Wall St. J., Aug. 28, 2012, http://on.wsj.com/QQqoEd.

7.   Section 835 of the Homeland Security Act of 2002, codified at 6 U.S.C. § 395, prohibits DHS from awarding contracts to inverted corporations unless the Secretary of DHS grants a national security waiver.

8.   On July 6, 2015, Bloomberg Business reported that DHS had "quietly handed a victory" to inverted companies by suggesting that—in spite of section 835—inverted companies are eligible for federal contracts. *See* Zachary R. Mider, *U.S. Sided With Tax-Avoiding Companies Over Contracting Ban*, Bloomberg Business, July 6, 2015, http://bloom.bg/1UqVW8g. The article revealed that in March 2013, "one of the country's largest inverted companies, the

manufacturer Ingersoll-Rand Plc," submitted a legal memorandum to DHS that argued in part that the ban on awarding contracts to inverted companies was invalid ("2013 Ingersoll-Rand Memo"). *Id.* The article reported that the DHS Principal Deputy General Counsel endorsed Ingersoll-Rand's legal argument in a letter and cleared Ingersoll-Rand for government work. *Id.*

9.  The Bloomberg News article explained how Bloomberg News learned the details of the 2013 Ingersoll-Rand Memo: "Ingersoll-Rand provided the memo to Bloomberg News this week on the condition that it not publish the document and that the news organization drop an effort to obtain it through a public-records request filed with Homeland Security last September." *Id.*

10. The article also stated that DHS "had previously disclosed the letter from Principal Deputy General Counsel Joseph Maher endorsing the memo" but did not indicate to whom the letter was disclosed. *Id.*

**Public Citizen's FOIA Request**

11. By letter dated July 8, 2015, Public Citizen submitted a FOIA request to DHS for (1) the 2013 Ingersoll-Rand Memo, (2) the letter from DHS to Ingersoll-Rand responding to the Memo, and (3) all other records pertaining to the Memo.

12. Public Citizen requested a public interest fee waiver of all fees in connection with the request, pursuant to 5 U.S.C. § 552(a)(4)(A)(iii).

13. By letter dated July 15, 2015, DHS confirmed receipt of the FOIA request, and assigned it case number 2015-HQFO-00575. DHS notified Public Citizen that due to "unusual circumstances," it was taking a ten-day extension to respond to the request, pursuant to 5 U.S.C. § 552(a)(6)(B).

14. In its July 15, 2015 letter, DHS stated that it would "conditionally grant" Public Citizen's request for a fee waiver, and that the fee waiver determination would "be based upon a sampling

of the responsive documents received from the various DHS program offices as a result of the searches conducted in response to your FOIA request." DHS also stated that "[i]n the event that your fee waiver is denied, we will construe the submission of your request as an agreement to pay up to $25.00."

15. By email on July 23, 2015, Public Citizen asked DHS to make its fee waiver determination based on the face of the request, as required by law, and stated that Public Citizen's request had not agreed to pay up to $25.00.

16. Under 5 U.S.C. § 552(a)(6)(A)(i), DHS had 20 working days to respond to Public Citizen's FOIA request. Even assuming unusual circumstances applied under 5 U.S.C. § 552(a)(6)(B), DHS was entitled at most to a ten-day extension. More than 128 working days have passed since DHS received the request.

17. To date, DHS has not made a determination on Public Citizen's FOIA request, nor has DHS produced any materials in response to that request.

## FIRST CLAIM FOR RELIEF

18. Under 5 U.S.C. § 552(a)(4)(A)(iii), Plaintiff is entitled to a full waiver of fees that otherwise would be assessed in conjunction with its request. The failure to grant Plaintiff's request for a public interest fee waiver violates FOIA.

## SECOND CLAIM FOR RELIEF

19. Plaintiff has a statutory right under FOIA to the requested records. DHS has no legal basis for refusing to produce these records.

## PRAYER FOR RELIEF

Wherefore, Plaintiff requests that this Court:

A. Declare that Defendant's withholding of the requested records is unlawful under FOIA;

B. Order Defendant to make the requested material available to Plaintiff at no charge within 14 days of the Court's order;

C. Award Plaintiff its costs and reasonable attorney fees under 5 U.S.C. § 552(a)(4)(E); and

D. Grant all other appropriate relief.

Dated: January 13, 2016                    Respectfully submitted,


   /s/ Rachel M. Clattenburg
Rachel M. Clattenburg (DC Bar No. 1018164)
Julie A. Murray (DC Bar No. 1003807)
PUBLIC CITIZEN LITIGATION GROUP
1600 20th Street NW
Washington, DC 20009
202-588-1000